WM. RYAN & SONS *v.* R. PAINE, RECEIVER, ET AL.

TRUST FUND. *Chancery. Bank. Charging assets with collection.*

　　R. A. Honea, of Aberdeen, Miss., was indebted to appellants, Ryan & Sons, of Dubuque, Iowa, who drew on him through the bank of Gattman & Co., at Aberdeen, "for collection." Honea being a customer, although his account was overdrawn, gave his check on the bank as cash and took up the draft. The bank then sent its New York check to appellants, which was protested. Meantime Gattman & Co. had failed and appellee was appointed receiver of the assets. Honea paid no money, but he was solvent and the check was charged to him by the bank. *Held,* that Ryan & Sons in equity were entitled to impress a trust on so much of the assets of the bank in the hands of the receiver as consisted of the debt from Honea incurred by the check for the sum due complainants.

FROM the chancery court of Monroe county.

HON. BAXTER MCFARLAND, Chancellor.

Appellants, Ryan & Sons, of Dubuque, Iowa, sold R. A. Honea, a merchant of Aberdeen, Miss., a carload of meat, and drew on him for the price, one thousand five hundred and forty-nine dollars and ninety-five cents, through the bank of Gattman & Co., at Aberdeen. The draft was made payable to the order of the bank,

" for collection." On March 10, 1888, the draft was in due course presented to Honea, and, as he was a customer of Gattman & Co., he gave a check on the bank, payable to Ryan & Sons or bearer, for the amount of the draft, with costs of exchange added, and took up the draft, which was marked paid. The bank then forwarded to Ryan & Sons its colorable check on the Merchants' Exchange Bank, New York, for the amount due them. This check was not paid, and was duly protested on the 19th of March. On the 18th of March, and days subsequent thereto, attachments for large amounts, aggregating about two hundred thousand dollars, were sued out against Gattman & Co. by various creditors, and levied on all the effects of the bank. On the 19th of March, the bank, being unable to pay its debts and continue business, made a general assignment for the benefit of creditors, and afterward a receiver was appointed who took charge of the assets.

Ryan & Sons not being paid, filed the bill in this case, making Paine, the receiver, a party, and seeking to enforce a charge against the assets of the bank, on the ground that the same were impressed with a trust to the amount of their claim. When Honea took up the draft by giving his check for the amount, he had no funds to his credit in the bank, but had overdrawn his account about three thousand one hundred dollars. But being a regular customer, and solvent, the bank treated his check as cash, charged him with the amount, and sent its exchange to appellants, as above stated. Honea has never paid the money, but is solvent. So far as appellants were concerned, the bank acted only in the capacity of agent to collect the draft; they had no account with the bank. On bill, answer and proof, a decree was entered dismissing the bill, from which the complainants appealed.

*J. B. Dowd*, for appellants.

1. The relationship which existed between appellants and Gattman & Co. was that of principal and agent. The draft was sent " for collection," and thus the power of the bank was expressly limited. Gattman & Co. never acquired *title* to the paper. The only duty of the bank was to collect and *remit*. On this point see Byles on Bills, p. 250 ; Daniel on Neg. Ins., §§ 336, 337, 338 ;

Morse on Bkg., pp. 404, 423 ; *Sweeny* v. *Easter,* 1 Wall. 166 ; *Bank of Commerce* v. *Merchants' Bank,* 90 U. S. 92 ; *Adams* v. *Hamsack Co.,* 43 Am. R. 410 ; *Bank* v. *Vicksburg,* 61 Miss. 117 ; *Britton* v. *Nichols,* 104 U. S. 757 ; 34 Am. R. 530.

2. Gattman & Co. occupied a fiduciary relation, and when the draft was paid the amount became a trust fund in the bank. *Peak* v. *Ellicot,* 1 Pac. Reporter 499 ; 30 Kan. 161 ; *McLeod* v. *Evans,* 28 N. W. Rep. 173 ; *St. Louis* v. *Johnson,* 5 Dill. 241 ; *Levi* v. *Nat. Bank,* 4 Ib. 104 ; *People* v. *Rochester,* 96 N. Y. 32 ; *Bank* v. *King,* 57 Pa. 202 ; *Bank* v. *Ins. Co.,* 104 U. S. 54 ; *McGuire* v. *Pitt's Sons,* 42 Iowa 537.

If a trustee mingle trust funds with his own, any part of the blended property may be followed which the trustee cannot iden- tify as his own. Perry on Trusts, § 447 ; *Van Allen* v. *Bank,* 52 N. Y. 1 ; *Bank* v. *Ins. Co.,* 104 U. S. 154.

The receiver is not a purchaser for value, and occupies the same position that Gattman & Co. did.

3. Gattman & Co. had no authority to accept anything but money. Honea being a regular solvent customer of the bank, his check was received as cash and charged to him on the books. This was just as if the money had been paid over the counter. On this point see Daniel on Neg. Ins., §§ 1630, 1647 ; Morse on Bkg., § 408 ; *Espy* v. *Bank,* 18 Wall. 604 ; *Parke* v. *Roser,* 67 Ind. 500 ; *Bank* v. *Keenan,* 76 N. C. 340 ; *Pratt* v. *Foote,* 9 N. Y. 466 ; *Bank* v. *Millard,* 10 Wall. 152 ; *Bank* v. *Cook,* 13 Am. R. 751.

4. Honea's check increased the assets of the bank that much, and he is solvent. The receiver has or will collect the amount and pay it to the creditors of Gattman & Co. Equity and fair dealing will not leave appellants without remedy under such circumstances.

If the position of opposite counsel is correct, that we cannot im- press a charge on the general assets and that we must go against a special fund, then we ask that a decree be entered requiring the receiver to pay the amount out of the debt collected from Honea.

*H. S. Gilleylen,* on the same side.

1. Gattman & Co. were the mere agents of appellants to

collect the draft, and this was a trust relation.   Neither the draft nor its proceeds belonged to them.   The amount was a trust fund, and no part of the estate which passed to the receiver.

If property is impressed with a trust, a change in the form or mingling it with other funds or property of the trustee, does not give the agent any better claim to it than at first : and this is true of all persons who stand in the place of the trustee except a *bona fide* purchaser.   Story's Eq. Ju., § 1258 ; Snell's Eq. Prin. 155 ; Story on Ag., § 229 ; *McLeod* v. *Evans,* 66 Wis. 401 ; *St. Louis* v. *Johnson,* 5 Dill. 104 ; *People* v. *Rochester Bank,* 96 N. Y. 32 ; *Levi* v. *Bank,* 4 Dill. 104 ; *Wood* v. *Stafford,* 50 Miss. 370 ; *Thompson* v. *Bank,* 8 Atlantic Rep. (N. J.) 97 ; *Bank* v. *Weiss,* 3 S. W. Rep. (Tex.) 299 ; *Norfolk Co.* v. *Bank,* 3 Grat. 544 ; *Kauffman* v. *Bank,* 46 N. J. Law 604 ; 1 Wall. 166 ; 78 N. Y. 371 ; Morse on Bkg. 420 ; 2 Pars. on Bills 21–23 ; *Bank* v. *King,* 57 Pa. St. 202 ; *Rogers* v. *Kelly,* 88 N. Y. 234 ; *McGuire* v. *Pitts,* 42 Iowa 537.

2. The check given by Honea was treated as cash, and the case is to be considered just as if the money had actually been drawn out, and then paid back in taking up the draft.   Honea was and is solvent, and the bank was in the habit of allowing him to overdraw his account.   This was a loan to him by the bank and he owes the amount.   *Bank* v. *Barnes,* 68 Ala. 267, s. c. 44 Am. R. 138 ; *Bank* v. *Hartshorne,* 42 N. Y. 137 ; Daniel on Neg. Ins., § 1630 ; Morse on Bkg. 276 ; *Odie* v. *Bank,* 45 N. Y. 735 ; *Pratt* v. *Foote,* 9 N. Y. 463.   An action could not be maintained on the check against the drawer after it had been accepted by the bank and charged on the books.

3. The attaching creditors were not purchasers for value, and the receiver holds the assets, just as Gattman & Co. did, subject to all the rights of appellants.   The trust fund went into the bank, and passed to the receiver with the other assets.   The rule in equity is well settled that so long as the trust property can be traced specifically or into a general fund, although converted, it is subject to the trust.   *McLeod* v. *Evans,* 66 Wis. 401, and authorities cited.

*Mr. Gilleylen* also filed a brief in reply to the brief of counsel for appellees.

*Clifton & Eckford,* for appellees.

The authorities cited by opposite counsel establish the following propositions:

1. Where money is taken into an insolvent bank on paper, sent to it for collection, the owner can impress a *trust* on the money of the bank, to the exclusion of general creditors who may have attached before the owner filed his bill. In such case the owner is not required to identify the *bills* which the bank received.

2. On an issue between the owner of paper sent for collection and the *bank,* acceptance by the bank of the debtor's paper or check is equivalent to the collection of the money.

We have stated the foregoing principles as broadly as counsel for appellant would, for the purpose of showing that if we concede everything that is claimed, it is impossible to make the law applicable to the case under consideration.

No money was, in fact, ever paid into the bank by Honea. How could a trust attach to that which never had any existence? The contention that appellants are owners of part of the money in the bank, for the reason that the agent received their money, is without foundation in fact, because Honea never paid a dollar.

Nor can the acceptance by the bank of Honea's check bring into existence that which never had a being.

In a suit between appellants and the bank, acceptance of the check would bind the bank, whether Honea was solvent or not.

This contest, though, is not with the bank; hence all the learning as to the effect of *acceptance,* etc., has no more application to the facts than the *trust* or *ownership* idea has.

CAMPBELL, J., delivered the opinion of the court.

A corollary from the legal propositions conceded by counsel for the appellees to be well established by authority, is that the complainants are entitled to impress a trust on so much of the assets of the bank in the hands of the receiver as consists of the debt from Honea incurred by his check on the bank for the sum due com-

plainants, and the decree should have been in their favor to that extent.

*Reversed and remanded.*

Afterward *R. E. Houston* and *Clifton & Eckford*, for appellees, filed a suggestion or error, which was

*Overruled.*