## LOUISVILLE BANKING CO. *v.* R. PAINE, RECEIVER.

BANK. *Direction to pay debt. Insolvency. Trust.*

A customer of a bank directed it to apply a portion of his deposit to the payment of certain debts thereafter to mature, among them his debt to complainant, and drew his check for the requisite amount, which was charged to his account, and in due time the bank forwarded to complainant its New York check for the amount of the debt, but meantime failed, and the check was dishonored. *Held,* in a chancery suit by complainant to impress a trust upon the assets of the bank in the hands of its receiver, that, as complainant was not a party to the debtor's arrangement, his direction to the bank was revocable and no trust was created.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Chancellor.

The Louisville Banking Company exhibited this bill against appellee as the receiver of the insolvent bank of Gattman & Co., to establish and enforce a trust upon the assets of the bank for the sum of $2000 and interest.

The material facts alleged in the bill are as follows :—

One Mayer, a merchant in Aberdeen, Miss., had upon deposit with Gattman & Co., bankers of that city, about the sum of $18,000, and, being about to leave upon a purchasing trip to the North, directed said bank to apply a portion of his deposit to the payment of certain designated debts which would mature in his absence, among these a debt of $5000 which he owed the complainant. The bank assented to this arrangement, and Mayer drew his check upon it for the amount necessary to pay the specified debts, and this check was immediately charged to his account. Upon the maturity of complainant's debt, the bank, in execution of its agreement, forwarded to it a check upon its New York correspondent for the amount of the debt and this check was by complainant promptly sent on for presentation and payment, and the note of Mayer cancelled and returned ; but the bank of Gattman & Co. meantime having failed, the check was dishonored. A receiver of the assets of Gattman & Co. was appointed, who took possession thereof, and now has in his hands more than enough to

•pay complainant's debt. A part of the debt due to complainant has been assigned, but there yet remains due the sum of $2000 and interest thereon, and this bill has been filed to enforce a trust for that amount upon the general assets of the bank now in the hands of appellee, its receiver.

The court sustained a demurrer to the bill, and from the decree dismissing the bill, complainant has appealed.

*E. H. Bristow,* for appellant.

It would be difficult to imagine a stronger case of trust. Here was not only an implied trust, but an express one, which not being " of or in any land" is good under the statute of frauds, though not in writing. Code, §§ 1276, 1280. Mayer is the grantor or bailor, Gattman & Co., trustee, and appellant the *cestui que trust.* Even had not appellant recognized and accepted the benefit of the trust, it being for its benefit solely, under the rules of law, an acceptance would be presumed; but it is not necessary to indulge in presumption. Appellant promptly accepted the transaction and ratified the trust, cancelled Mayer's note and forwarded it, and now Gattman & Co.'s receiver holds the money that ought to have been paid to appellant on said note. The drawing of Mayer's check to pay his creditors, its presentation and the charging of the amount to him on the books of Gattman & Co., was exactly the same thing in law, and, I may add, in common sense, as if he had drawn out the actual bills or coin. The money was there. $18,000 was owing to Mayer when the check was presented, and the charge made Gattman & Co. owe him just that much less than they owed before; and they had that much more money on hand which they did not legally owe to any one. The case cannot be distinguished from *Ryan* v. *Paine,* 66 Miss. 678. The chancellor attempted to distinguish the two cases upon the idea that in the Ryan case the debtor, by his check on the bank, not having any money there, added to the assets of the bank, while Mayer by his check, having $18,000 on deposit, did not add anything. The fallacy of this position is apparent. As in mathematics a fraction may be increased by either multiplying the numerator or dividing the denominator, so in

finance, a party's wealth may be increased by either adding to the assets or subtracting from the liabilities. Under the present custom of the financial world, the transaction of business through clearing houses, etc., it is entirely too primitive and antiquated to argue that if Mayer had received the amount called for by his check in legal tender notes with one hand, and immediately handed back the same with the other, with the request stated in the bill, there would have been a trust, but that failing to go through this form there was no trust. This case is stronger than *Ryan* v. *Paine* in this, that here there was an express trust declared and agreed to verbally, to appropriate the money in a certain way, and the bank assumed the fiduciary relation not only toward the appellant but towards Mayer. It was not only trustee to pay appellant, but also to take up the paper for Mayer.

In support of the view that a trust was created, see *Peak* v. *Ellicott*, 30 Kan. 156; *Taylor* v. *Plumer*, 3 Maule & S. 562; *Pennell* v. *Deffell*, 4 DeGex, M. & G. 372; *Knatchbull* v. *Hallett*, 13 Ch. Div. 696; *Bank* v. *Insurance Co.*, 104 U. S. 54; *Brocchus* v. *Morgan* (Tenn.), 5 Cent. L. J. 53; *People* v. *Bank*, 96 N. Y. 92; *McLeod* v. *Evans*, 66 Wis. 401; *Harrison* v. *Smith*, 83 Mo. 210; *Stoller* v. *Coates*, 88 Ib. 514; *Cont. Nat. Bank* v. *Weems*, 69 Tex. 489; *Frelinghuysen* v. *Nugent*, 36 Fed. Rep. 239, cited approvingly by the United States supreme court in *Peters* v. *Bain*, 10 Sup. Court Rep. 361.

*Thos. B. Sykes,* on the same side.

By the giving and charging of the check, the legal estate or right to the $5000 passed out of Mayer to Gattman & Co. for the use and benefit of the Louisville Banking Company. In the hands of Gattman & Co. it became "subservient to certain uses, benefits or charges in favor of others, and these uses, benefits or charges constituted a trust which courts of equity will compel the trustee to perform in favor of the beneficiary." Story Eq. Jur., § 964.

By the drawing of the check, the relation of debtor and creditor between Mayer and Gattman & Co. was destroyed, and Gattman became trustee for Mayer and the appellant. Such transactions are

common in commerce, and unless they are effectual and are enforced the wheels of commerce and banking will clog. The money represented by the check remained mixed with the general funds of the bank, and by reason of the confusion or mixing of the trust fund with the other funds of the trustee, the whole is impressed with the trust. *Morrison* v. *Kinstra,* 55 Miss. 71 ; *Van Allen* v. *Bank,* 52 N. Y. 1 ; *Frelinghuysen* v. *Nugent,* 36 Fed. Rep. 227. The effect of such trust is to give to the beneficiary a priority of right over the other creditors of the possessor. *Ryan* v. *Paine,* 66 Miss. 678 ; Story Eq. Jur., § 1270 ; *City of St. Louis* v. *Johnson,* 5 Dill. 241 ; *National Bank* v. *Ins. Co.,* 104 U. S. 54.

*Sykes & Richardson,* for appellee.

Appellants rely mainly upon the case of *Ryan* v. *Paine,* 66 Miss. 678. That case seems to have been decided on the concessions of counsel, and while, to some extent, sustained by authority, we may be permitted to question the correctness of the principles there apparently announced ; but, acting upon the concessions of counsel, the conclusion reached was irresistible. Should the court adhere to the rule announced in that case, we do not consider it decisive of this, as the facts presented are entirely different. The giving of the check by Mayer and the undertaking by the bank to appropriate the proceeds thereof to appellant's debt when it should mature, did not create the bank a trustee of the fund. A like effort has been frequently made to compel banks to respond to the demands of the holder of checks, on the ground that money has been specially paid into the bank by the debtor for that specific purpose, but the efforts of such plaintiffs have never been successful. The reason is obvious. There is a lack of privity and no assignment of the fund. Morse on Banking, 537. A deposit by a customer is in legal effect a loan, and *e converso.* Every payment by the bank to or on account of the customer is a repayment *pro tanto.* From this it appears that the customer can never hold or charge the bank as trustee, factor or agent. Ib. 29.

Counsel for appellant misapprehend the legal effect of the check given by Mayer. It could not operate as an assignment of the

deposit, and if it had been sent to the plaintiff by Mayer, it would not be contended that it would have converted his deposit into a trust fund, or created any privity between the two banking firms. Nor does the fact that the check was charged by Gattman & Co. to Mayer alter the legal aspect of the case. It was not intended that it should be charged before the debt was paid by Gattman & Co. If in fact it was so charged, it ought not to have been in advance of the remittance, and could not have been without violating the rights of Mayer and throwing the books of the bank out of balance. The debt to the Louisville Banking Company was not due. Mayer was not seeking to secure it, but was merely arranging with his bank to pay his debts during his absence. The transaction amounted to nothing more than a fruitless attempt to pay a debt. Giving an order which is never obeyed does not convert a debtor into a trustee. *Gibson* v. *Minet*, 1 Car. &. P. 247 (12 Eng. Crim. Law, 147). The order in this case was subject to be countermanded. Grant on Banking, §§ 3, 11, 115, 121; Morse on Banking, 29, 30, 304, 305; *Pinto* v. *Santos*, 5 Taunt. 447; *Cohen* v. *Hale*, 3 Q. B. D. 371.

A conclusive test of appellant's right is to ask whether the loss of the money by the failure of the bank was Mayer's loss, or that of the appellant. There can be but one answer. It was Mayer's loss. That the drawing of the check did not act as an equitable assignment of a portion of the deposit equal in amount to its face, see *Ætna Bank* v. *National Bank*, 46 N. Y. 82; *Bank* v. *Pettit*, 41 Ill. 492; *Christmas* v. *Russell*, 14 Wall. 84; Pomeroy Eq. Jur., § 1284; *Trist* v. *Child*, 21 Wall. 441; *Harris* v. *Clark*, 3 N. Y. 93; *Rogers* v. *Hosack*, 18 Wend. 319; In re Merrill, 71 N. Y. 325, and cases cited; *Moses* v. *Franklin Bank*, 34 Md. 574; *Dykers* v. *Leather Man. Bank*, 11 Paige, 612; *Winter* v. *Drury*, 5 N. Y. 525; Grant on Banking, 30; *Bank of the Republic* v. *Millard*, 10 Wall. 152.

*Geo. C. Paine*, on the same side.

The agreement between Mayer and Gattman & Co., and the drawing of the check did not change the relation of debtor and creditor and create the latter a trustee. No money was set apart

but, as the bill alleges, it was mixed and mingled with the general assets of the bank.    The agreement was upon a voluntary consideration to be executed in the future, and as such did not create a trust. 77 Am. Dec. 632.

Mayer's instructions were not to send the money to appellants at Louisville, where the debt was payable, but to pay it when due, *i. e.,* to buy exchange and forward it.    As Mayer was not thereby released from liability on the note to appellant, no trust arose.

The bank of Gattman & Co. was never made the appellant's agent by a deposit of the paper with it for collection.    It acted merely as the agent of Mayer.    Morse on Banking, 387 ; 1 Daniel Neg. Instr., 326 ; *Bank* v. *Millard,* 10 Wall. 152.

A trust does not arise in all cases where confidence is reposed or a credit is given, and money is delivered to a person to pay debts and is converted by him.    22 Ill. 502 ; 77 Ib. 474 ; 88 Ib. 449 ; 43 Am. Dec. 283.

*A. H. Whitfield,* on the same side.
No brief on file.


CAMPBELL, J., delivered the opinion of the court.

We fully approve the principle applied in *Ryan* v. *Paine,* 66 Miss. 678, and stand ready to apply it again in a like case, but this is a very different one.

Here there was no trust.    Mayer, the customer of the Gattman & Co. bank, directed it to apply a portion of his deposit to the payment of specified claims thereafter to mature, and among these was that of the appellant.    Gattman & Co. assented to this and provision for it was made by Mayer drawing his check on Gattman & Co. for the required sum.    The appellant was no party to this arrangement, and did not know of it when made.    It was a mere direction by Mayer to Gattman & Co. to carry out his wishes with his funds.    He had the legal right to revoke the arrangement, and this is destructive of all idea of a trust in favor of appellant. *Van Eaton* v. *Napier,* 63 Miss. 220 ; *Trustees* v. *Pace,* 15 Ga. 486, and citations ; *Mayer* v. *Bank,* 51 Id. 325, and cases cited ;

Bolles on Banks, §§ 44; Morse on Banks, § 398, and numerous citations.

We have examined all the cases cited by counsel for the appellant, and after much consideration of this case feel no hesitation to affirm the decree.

*Affirmed.*