KINNEY & CO. v. R. PAINE, RECEIVER, ET AL.

1. BILL OF EXCHANGE. *Presentation. Delay.*
   Where a bank in Aberdeen, Miss., having made a collection for plaintiffs on the 7th, and remitted them at Nashville, Tenn., its New York check, which was received on the 19th, and presented in New York on the 22d, there is no undue delay in presentation. The drawer having failed on the 18th, it will not avail to show that the draft would have been paid if it had been presented on that day.

2. CODE, 1880, § 1300. *When applicable. Controversy between creditors.*
   Where one transacts business with the addition of the word "agent," and "co.," or the like, without a sign showing who is his principal or partner, § 1300 of the code makes all *property*, etc., used or acquired in the business subject to his debts. It is not applicable in a controversy between *creditors* of the common debtor over property so used or acquired.

3. BANK. *Collection. Trust. Bona fide purchaser.*
   A bank, having for collection a draft, received therefor the debtor's check on itself, and failed without paying over the money. Other creditors attached the bank, and there was a general creditors' suit in which a receiver was appointed, and the bank conveyed its assets to him. Under a decree therein certain creditors purchased and paid for all the assets of the bank. Afterwards the drawers of the draft, not being parties to said suit, filed a bill to enforce a trust on the indebtedness of the drawee to the bank, a part of which was represented by the check. *Held,* that complainants, in equity, remained owners of this claim, and were entitled to pursue it, and that the creditors receiving the assets were not *bona fide* purchasers of the claim, a mere account.

FROM the chancery court of Monroe county.

HON. BAXTER MCFARLAND, Chancellor.

Kinney & Co., of Nashville, Tenn., having a debt against Ed. Carroll, of Aberdeen, Miss., in order to collect the amount, drew on

him through Gattman & Co., bankers at Aberdeen. The draft was received on the 7th day of March, 1888, and the agent of the bank presented it to Carroll on the same day; and he, being a customer, took up the draft by giving a check on the bank. He had overdrawn his account, but the check was taken by the bank, and was charged to him. Afterwards Gattman & Co. sent to Kinney & Co. their draft on a bank in New York. This draft was received by Kinney & Co. on the 19th day of March, and was presented in New York on the 22d, and was protested for non-payment, Gattman & Co. having failed on the 18th. It does not clearly appear in the record when Gattman & Co. sent the exchange to Kinney & Co., but it is alleged in the bill that it was sent on the 17th.

Many creditors attached the property and effects of Gattman & Co., and finally a bill was filed to settle priorities of creditors, adjust liens, etc. In this proceeding Paine was appointed receiver of the property and effects of the bank, and Gattman & Co. executed to him a deed of conveyance for the same. A consent decree was entered disposing of this litigation. Under it, by an arrangement between the parties, certain creditors of Gattman & Co. paid $6135.00, and received all the assets of the bank, including notes, accounts, etc. Carroll was indebted to the bank on open account, a part of which was represented by the check which he had drawn in taking up the draft. The receiver instituted suit against him for the amount he owed the bank. Afterward, while this suit was pending, Kinney & Co., who were not parties to any of the previous proceedings, filed this bill to enforce a trust on the debt due by Carroll to the amount of their draft. In defense of this suit the receiver set up that there had been undue delay in presenting the New York draft, and it is shown that it would have been paid if it had been presented on the 18th. It was also set up in defense that the creditors who had purchased the assets of the bank, including the account of Carroll, were *bona fide* purchasers; and it is shown that they had paid the $6135 without notice of the claim of Kinney & Co. It was also averred that Gattman & Co. had acquired the debt in trade; and that, by reason of § 1300 of the code, complainants were not entitled to recover the same. Said

section of the code provides that, "If any person shall transact business as a trader, or otherwise, with the addition of the words, "agent," "factor," and "company," or "and co.," or like words, and fail to disclose the name of his principal or partner, by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted; or if any person shall transact business in his own name, without any such addition, all the property, stock, money and choses in action, used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be, in all respects, treated in favor of his creditors, as his property." It was shown that Gattman & Co. had no sign.

On final hearing the court dismissed the bill, and complainants appealed.

*Clifton & Eckford,* for appellant.

1. Section 1300 has no application. Gattman & Co. were not traders. *Yale & Bowling* v. *Mf'g Co.,* 63 Miss. 598.

Said section does not change the order of priority in a contest between creditors. *Dodds* v. *Pratt,* 64 Miss. 124.

2. There is no proof to sustain the claim that there was undue delay in presenting the draft. It was not received at Nashville until the 19th, and in due course was presented in New York on the 22d, whereas Gattman & Co. had failed on the 18th.

3. The creditors who assumed to take the assets under the decree were not *bona fide* purchasers. In the first place, they had not acquired the legal title. *Walton* v. *Hargroves,* 42 Miss. 25; *Perkins* v. *Swank,* 43 Ib. 358.

The purchase of property under one's own judgment for an antecedent debt, without paying any new consideration, does not constitute the party a *bona fide* purchaser. *Perkins* v. *Swank, supra; Hinds* v. *Pugh,* 48 Miss. 275.

The receiver was not a *bona fide* purchaser, but took the title subject to all equities. High on Receivers, §§ 5, 440; 4 Gratt. (Va.) 187; 68 Ga. 138.

The execution to him of a deed to all the property of the defendant does not change this. High on Receivers, §§ 443, 446, 447 and notes. 1 Edm. Select Cas. 201; 9 N. Y. 142.

The decision in *Ryan* v. *Paine,* 66 Miss. 678, is conclusive of this case. The debt due from Carroll was owned by complainant, and this ownership has never been divested. On this idea of ownership, complainants are entitled to recover. *Bank* v. *Ins. Co.,* 104 U. S. 54; 2 Gratt. (Va.) 544; 52 N. Y. 1; 1 Pac. Rep. 409, 767; 28 N. W. Rep. 173; 33 Fed. Rep. 405.

*Sykes & Richardson,* for appellee.

1. There was undue delay in presenting the bill of exchange in New York. If it had been presented on the 17th or 18th it would have been paid, as Gattman & Co. had funds there. The drawers and drawees of the bill were bankers, and this was an inland bill of exchange. It is the duty of the holder of such a bill to present it for payment within a reasonable time: if he fails to do so, the drawer is released without proof of injury. If the drawers are released, so must be their assets in the hands of a third party. Story on Prom. Notes, § 200 *et seq.;* 1 Daniel Neg. Inst. § 605; Byles on Bills, §§ 211, 212, 213; Chitty on Bills, 433; 2 S. & M. 151; 44 Miss. 1; 65 Ib. 242.

2. The record shows that the creditors who received the assets, including the debt against Carroll, were *bona fide* purchasers. They paid their money and received the assets without notice of complainant's claim. Lewin on Trusts, §§ 725, 726; 1 Story's Eq. Jur. §§ 401, 409, 410; 26 Miss. 567; 43 Ib. 349; 46 Ib. 489; 48 Ib. 275; 50 Ib. 539; 52 Ib. 316; 55 Ib. 348; 56 Ib. 316.

3. It cannot be contended that Gattman & Co. were not traders within the meaning of § 1300 of the code. The language of this section is explicit that "all the property, stock, money, etc. or choses in action used or acquired in such business shall, as to creditors of any such person, be liable for his debts," etc. The chose in action in controversy was both used and acquired in the business of Gattman & Co. In *Gumbel* v. *Koon,* 59 Miss. 264, this court says: "The object of the statute was to prevent the assertion of secret claims of property as against creditors, of the person who seems to be the owner of it, evidenced by his dealings with it; and it conclusively fixes the ownership to be in the person whose sign is

exhibited at the place where the business is conducted, or who, in the absence of any sign, is the manager of the business."

CAMPBELL, J., delivered the opinion of the court.

The claim that there was undue delay in presenting the bill of exchange for payment is disposed of by the evidence, and is not maintainable.

Section 1300 of the code has no place in a contest between creditors of the common debtor, who used or acquired the property which is the subject of contest. It makes property subject to creditors in the state of case prescribed, but has no application as between creditors.

The claim of a *bona fide* purchase is not predicable of the debt due from Carroll (which was a mere book account) to the bank, and the dealing between the attaching creditors who exhibited their bill in chancery and the non-attaching creditors and Gattman & Co., in which $6135.00 was paid, could have no effect whatever on the rights of Kinney & Co., who, in the view of a court of equity, remained the real owners of the claim on Carroll sent to Gattman & Co. for collection, and entitled to pursue it through all the devious ways disclosed.

*Reversed and remanded.*