LIZZIE A. BILLINGSLEY *v.* W. A. POLLOCK, RECEIVER.

BANK. *Collection. Commingling of assets. Trust.*

Where a bank, having a note for collection, receives payment by check on itself of one having ample funds on deposit, whose account it debits, and, after thus mingling the collection with its general assets, remits therefor its New York check, but fails, and passes into the hands of a receiver, its check being dishonored, the owner of the note has no lien on the assets of the bank, and cannot enforce priority of payment out of the same. *Ryan* v. *Paine*, 66 Miss., 678, and *Kinney* v. *Paine*, 68 *Ib.*, 258, distinguished.

FROM the chancery court of Washington county.

HON. W. R. TRIGG, Chancellor.

The appellant, Lizzie A. Billingsley, living in Arkansas, forwarded for collection to the Bank of Greenville, in this state, a note for $1,000, the maker of which lived in or near Greenville. The note was duly presented to the maker, and paid by the check on said bank of one Evans, who had ample funds on deposit. The note was canceled and surrendered, the check of Evans charged to his account, and the bank remitted for the collection its check on its New York correspondent. But on the day of such remittance the bank suspended, and, on its own application, passed into the hands of a receiver, and its check was dishonored.

The appellant filed this petition in the chancery court having jurisdiction over the receiver, and, after setting out the facts as above stated, prayed that the collection made by the bank be decreed a trust, and a lien impressed on the general assets of the bank therefor, and that the receiver be directed to pay the same in preference to the general debts of the bank.

The plea of the receiver set up the fact that the collection, when made by the bank, had been, in the manner stated,

commingled with the general assets, and could not be separated or distinguished; that the amount of money on hand at the time of the bank's suspension was less than four hundred dollars, and the assets of all kinds were far less than the liabilities, and, in view of these facts, the plea alleged that there was no lien in favor of petitioner, or right to demand payment in full of her debt.

The court held the plea to be sufficient, and, petitioner declining to amend, the petition was dismissed.

*Joshua Skinner* and *A. Lewenthal, Jr.,* for appellant.

The relation of principal and agent existed between appellant and the bank. *Ryan* v. *Paine,* 66 Miss., 678; *Britton* y. *Niccolls,* 104 U. S., 757; *Bank* v. *Owen,* 5 Cranch, 504; *McLeod* v. *Evans,* 57 Am. Rep., 287; 39 Fed. Rep., 684.

Under the facts of this case, the check given in payment of the note amounts to a separation or special appropriation of the amount thereof to its payment. *Arnot* v. *Bingham,* 9 N. Y., 68.

The relation of principal and agent cannot be changed to that of debtor and creditor without the consent, express or implied, of both parties. 39 Fed. Rep., 684.

When a trustee mingles trust-funds with his own, the whole will be treated as trust-property. 38 Mo. App., 232; 32 *Ib.*, 341; Perry on Trusts, 447; 2 Story, Eq. Jur., § 1258.

Though the proceeds cannot be traced into the receiver's hands, there will be a trust. 57 Am. Rep., 287; 52 N. Y., 1; 104 U. S., 54; 9 N. Y., 68; 96 N. Y., 32; 30 Kans., 156.

*Yerger & Percy,* for appellee.

The doctrine of following a trust-fund, with the limitations upon it, is clearly stated in 2 Pom., Eq. Jur., §§ 1051–1058. See also 2 Story, Eq. Jur., §§ 1258, 1259. The limitation is that, if the fund cannot be recognized as a distinct fund, but is so mingled with other moneys or property as to be incapable of identification, the rule does not apply. It is this lim-

itation that bars the petitioner in this case. Morse on Banking, § 248; Wait on Insolvent Corp., 659; 42 Fed. Rep., 193; 39 *Ib.*, 231; 15 *Ib.*, 858; 48 *Ib.*, 25; 27 N. E. Rep., 907.

In *Ryan* v. *Paine*, 66 Miss., 678, and *Kinney* v. *Paine*, 68 *Ib.*, 258, the rule, and not the limitation to the rule, was applied.

CAMPBELL, C. J., delivered the opinion of the court.

In *Ryan* v. *Paine*, 66 Miss., 678, we held that parties who sent a claim to a bank "for collection," which the bank collected by taking the check of the debtor on itself, the debtor having no money in the bank, but merely becoming the bank's debtor by this overdraft, after the insolvency of the bank was declared, had the right to treat their debtor as still such, and enforce their claim to what he owed the bank for account of this transaction.

In *Kinney* v. *Paine*, 68 Miss., 258, we held that parties who had sent their claim to an insolvent bank for collection, and which it collected by a check on itself by the debtor, who had no funds in bank, could follow and reclaim their own in the hands of the receiver. We are well pleased with these decisions, and re-affirm the obvious principle supporting them, but are unwilling to establish the proposition that a correspondent of a bank, whose claim it has collected and failed to pay over, has an equitable lien on all the assets of the bank, securing precedence over all other creditors of the bank. Some of the courts so hold, but we will not follow their lead to this absurd result. It is enough to allow the correspondent who sends his claim to a bank "for collection" to pursue and reclaim his own, without depriving others of their rights. There is no such magic in the word "trust" as to convert all the assets of a bank into a fund to secure one who deals with it for convenience of collecting claims, in preference to others who trust it and deal with it.

The maker of the note collected, in this case, was discharged, for she paid it. True, she did not have the money

counted out to her on Evans' check, as we may assume would have been done if required, but that was not necessary. Evans had money there, and his check was received as money, and his deposit was lessened by that much. The transaction was a legitimate one in the usual course of business, and there is no just principle on which the appellant can be declared entitled to priority over other creditors of the insolvent bank. We should not be beguiled by the use of words, and call one claim a "trust," in order to secure it a preference over "debts." Wherever there is a trust, it may be enforced as such, but calling one sort of claim a trust merely to place it on a better footing is not allowable. It has been done in some instances, where hard cases have made bad precedents, which we will not follow.

*Affirmed.*