LOVE, SUPERINTENDENT OF BANKS, *v.* J. W. JONES & SON
*et al.*

(Division A. Jan. 25, 1932.)

[139 So. 162. No. 29583.]

Flowers, Brown & Hester, of Jackson, for appellant.

J. M. and F. G. Thomas, both of Tupelo, for appellees.

Geo. T. and Chas. S. Mitchell, of Tupelo, for appellees.

Argued orally by Clyde Hester, for appellant, and by J. M. Thomas, for appellee.

**Cook, J.,** delivered the opinion of the court.

During the year 1930, V. M. Carothers of Booneville, Mississippi, was engaged in the business of buying and selling cotton, and he had arranged with the Corinth Bank & Trust Company to finance this business during the cotton season of 1930 by permitting him to overdraw his account with that bank to the extent of the purchase price of the cotton bought by him during the season; this overdraft to be secured by bills of lading covering cotton shipments, or by warehouse receipts covering cotton stored in warehouses.

J. W. Jones & Son and Burrow & Co., appellees herein, were engaged in buying and selling cotton at Saltillo, Mississippi, and during the 1930 cotton season they sold, at various times, a large quantity of cotton to the said Carothers, for which payments were made by drafts collected through the said Corinth Bank & Trust Company. Between November 19 and November 28, 1930, Jones & Son shipped to the said Carothers several lots of cotton and drew drafts on him for the purchase price thereof, amounting to five thousand six hundred sixty-six dollars and fifty-six cents; while Burrow & Co. shipped to him cotton to the value of six thousand two hundred nine dollars and sixteen cents, and drafts aggregating that amount were likewise drawn. All of these drafts with bills of lading attached were deposited in the Bank of Saltillo and by it forwarded to the People's Bank & Trust Company of Tupelo, and by the latter bank forwarded to the Corinth Bank & Trust Company for collection.

Upon receipt of these drafts, the Corinth Bank & Trust Company charged them to the account of the said Carothers, thereby increasing the amount of overdraft already existing therein. Upon charging these amounts to the account of Carothers, the Corinth Bank & Trust

Company credited the amounts to its bill of lading account for the purpose of holding the fund for ninety-six hours, as required by law, before making remittance therefor in accordance with the instructions of the People's Bank & Trust Company. For that part of the proceeds of these drafts that had been held for the statutory period of ninety-six hours, the Corinth Bank & Trust Company issued its draft on the First National Bank of St. Louis, and forwarded same to that bank to be credited to the People's Bank & Trust Company of Tupelo, Mississippi, but this draft was received by the First National Bank of St. Louis after the Corinth Bank & Trust Company had closed for liquidation, and it was not paid. For the balance of the proceeds of the drafts of Jones & Son and Burrow & Co., held by the said Corinth Bank & Trust Company, no remittance was made, and at the time this bank closed for liquidation this balance stood on its books charged to the account of Carothers, and credited to its bill of lading account. On November 26, 1930, the said Carothers owed the Corinth Bank & Trust Company, by overdraft, the sum of twenty thousand three hundred forty-eight dollars and fifty-nine cents, and so the account stood when the bank was closed for liquidation on November 28, 1930; but the said Carothers was all the while solvent.

On November 22, 1930, V. M. Carothers owed the Corinth Bank & Trust Company, by way of overdraft, the sum of twenty thousand four hundred forty-nine dollars and seven cents secured by shippers' order bills of lading for five hundred twenty-eight bales of cotton, and on this date the bank presented these bills of lading to the manager of the compress in which the cotton was stored, and received in exchange therefor negotiable warehouse receipts for five hundred twenty-eight bales of cotton. These receipts, with others, making a total of seven hundred four bales of cotton covered there-

by, were deposited with Abe Rubel & Co. of Corinth, Mississippi, for which trust receipts were issued showing that these warehouse receipts were held for the account of the Chase National Bank of New York, and on the same day the Corinth Bank & Trust Company executed its promissory note for thirty thousand dollars in favor of the said Chase National Bank, pledging as security therefor the said trust receipts issued by Abe Rubel & Co. for seven hundred four bales of cotton. The Chase National Bank gave the Corinth Bank & Trust Company credit for this note, and this sum was checked out before the bank closed on November 28, 1930. At the time the Corinth Bank & Trust Company closed, it owed the Chase National Bank of New York one hundred twenty-five thousand dollars, which included the thirty thousand dollar note secured by the above-mentioned trust receipts, and after its closure, with the consent of the liquidating agent of the bank, the said V. M. Carothers paid to the Chase National Bank the amount of his overdraft with the Corinth Bank & Trust Company, and secured the release of the five hundred twenty-eight warehouse receipts pledged to secure the thirty thousand dollars note, and which covered cotton purchased from the appellees, Jones & Son and Burrow & Co.

Before the said Carothers paid his overdraft, however, the said J. W. Jones & Son and Burrow & Co., appellees herein, filed separate bills of complaint against J. S. Love, superintendent of banks, in charge of the liquidation of the Corinth Bank & Trust Company, and against V. M. Carothers, praying, first, for a preference claim against the assets of the Corinth Bank & Trust Company for the respective amounts owing them; and, second, if they were not entitled to this relief, for decrees against the said Carothers for such amounts. The superintendent of banks admitted the validity of the

claims of the appellees against the Corinth Bank & Trust Company, but denied that these claims were preference claims. The two causes were consolidated, and upon the final hearing the court rendered a decree granting the appellees a preference against the assets of the Corinth Bank & Trust Company, and directing the superintendent of banks, in charge of the liquidation of such bank, to pay the claims of the appellees as prior or preference claims out of the assets of said bank. From this decree granting the preference, this appeal was prosecuted.

Upon the essential facts, the case at bar does not appear to us to be distinguishable from the cases of Ryan & Sons v. Paine, Receiver, 66 Miss. 678, 6 So. 320, and Kinney & Co. v. Paine, Receiver, 68 Miss. 258, 8 So. 747, and therefore it is ruled by the doctrine announced in those two cases. The decree of the court below will therefore be affirmed.

Affirmed.