LOVE, SUPERINTENDENT OF BANKS, *et al.* *v.* MERIDIAN GRAIN & ELEVATOR CO.

(Division A. March 10, 1932.)

[139 So. 857. No. 29694.]

Flowers, Brown & Hester, of Jackson, for appellants.

776

J. H. Currie and J. C. Floyd, both of Meridian, for appellee.

778

780

Argued orally by **Clyde Hester**, for appellant, and by **J. H. Currie**, for appellee.

**McGowen, J.,** delivered the opinion of the court.

This case arose in the chancery court of Newton county on a petition of the Meridian Grain & Elevator Company, appellee, to have a certain claim in its behalf adjudicated as a preference claim, establishing as a trust certain funds in the hands of J. S. Love, superintendent of banks, and M. L. Thompson, liquidating agent, appellants, these funds having come into the hands of the latter because of the failure of the Citizens' Bank of Newton, in which the funds in question were held. The superintendent of banks and the liquidating agent admitted the correctness of the appellee's claim, but denied that same was a trust fund, and as such entitled to preferential payment. Upon the trial of the issue the court below established the claim as a preference claim arising out of a trust in favor of the appellee; and from that decree the representatives of the bank appeal here.

On May 5, 1930, the Meridian Grain & Elevator Company of Meridian, Miss., sold and shipped to Buckley Brothers of Newton, Mississippi, a carload of merchandise, and on the same day drew a draft upon Buckley Brothers, attaching thereto the bill of lading for the car of merchandise. The draft is as follows:

"No. 7498    This draft is a cash item and is    $787.25
not to be treated as a deposit. The
funds obtained through its collec-
tion are not to be accounted for
to drawer, and are not to be com-
mingled with the other funds of
collecting bank.
"Meridian, Miss., May 5, 1930.
"At Sight pay to the order of Citizen Bank ..... dollars.
Invoice                    Car            . Car
    Date ...... 1397 ...... Initials ...... Number ......
.............. Bill of Lading Attached ..............
Value received and Charge to account of Meridian Grain
To .......... Buckley Brothers ....   & Elevator Co.
..........Newton, Miss.......... By: J. M. Segar."

Attached to and accompanying the draft was a letter of instruction to the Citizens' Bank of Newton, Mississippi, the collecting agent, in the following words, to-wit:

"Citizen Bank, Newton, Miss.,

"Gentlemen: We enclose herewith our Draft or Trade Acceptance as listed below, for collection and returns. No Protest.

"Kindly deliver to payee any bill of lading attached, only upon payment of draft, and remit to us immediately in New York, New Orleans, or Chicago Exchange.

"Drafts on any other city cost us extra exchange, and we cannot accept any other than New York, New Orleans, or Chicago Exchange, if you deduct exchange charges to begin with. We will accept, without deductions on your part, drafts on other cities, in case you are unable to furnish New York, New Orleans, or Chicago Exchange to us:

7498 Buckley Bros. ·

"Very truly yours,
"MERIDIAN GRAIN & ELEVATOR Co.
"B. McRAVEN, Sect-Treas."

The Citizens' Bank of Newton received the draft with bill of lading attached, and letter of instruction, on or about May 8, 1930, on which day the bank presented same to Buckley Brothers, and received in payment thereof the check of Buckley Brothers on it for the amount of the draft, and thereupon the bank delivered the draft, with bill of lading attached, to Buckley Brothers. At the time the bank received the check in payment of the draft, Buckley Brothers had ample funds on deposit there to pay the said check. The bank charged the amount of the check to the checking account of Buckley Brothers, and mailed its draft for seven hundred eighty-six dollars and forty-five cents on the First National Bank of Meridian, to the Meridian Grain & Elevator Company. There were ample funds to the credit of the Citizens' Bank of Newton with the First National Bank of Meridian to pay this check. At all times between the date of the receipt of the draft by the Citizens' Bank of Newton and the date it was charged to Buckley Brothers, May 16, 1930, the latter had ample funds to its credit with which to pay the check. On the day its exchange was mailed, May 16, 1930, the Citizens' Bank of Newton suspended business and closed its doors, not opening for business on May 17th, and has not since that time reopened. On the following morning the Meridian Grain & Elevator Company presented the draft drawn by the Citizens' Bank of Newton in its favor on the First National Bank of Meridian, but the latter bank declined to pay the same because it had been advised that the drawing bank, Citizens' Bank of Newton, had closed its doors, although there were ample funds to the credit of the Citizens' Bank with which to pay the draft or exchange.

The president of the Meridian Grain & Elevator Company testified that he had drawn similar drafts with similar letters of instruction accompanying such drafts a number of times within the space of two years

previous to the drawing of this draft, and that he had received the exchange of the Citizens' Bank drawn on different banks, that his money had been paid, and that he had made no complaint because the Citizens' Bank had not delivered to him the actual money instead of remitting by the transmission of its exchange to him. On May 16, 1930, when the Citizens' Bank closed its doors, there was in its vault over five thousand dollars in cash, which was placed under the control of the banking department and its liquidating agent. The Citizens' Bank had not, in fact, sought to create the relation of depositor with reference to its handling of this draft for the Meridian Grain & Elevator Company.

It is quite clear to us that the instruction printed on the draft notified the collecting bank that the Meridian Grain & Elevator Company did not intend for this draft, or proceeds thereof, to be handled by the Citizens' Bank except as its agent, and such agency to continue from the time the bank received the draft for collection until the money was paid to appellee. It was notice that the appellee did not want to become a depositor; that it did not want the relation of debtor and creditor to exist between it and the collection agent. Appellee forbade the commingling of its funds, when collected, with the funds of the bank. The letter accompanying the draft did not in the slightest degree, in our opinion, withdraw this positive notice. It merely suggested that the draft, if paid by the drawee, the collection agent, might be sent drawn in a certain manner, and on banks in certain cities. When the bank received this draft and the letter accompanying it, there could have been no misunderstanding with regard to it. The notice printed on the draft was unequivocal; and the Citizens' Bank was under no obligation, so far as this record discloses, to handle this draft, but it saw fit to go forward and deal with same as the agent of the forwarder, and, having done so, the contract offered by the forwarding party became binding—

in other words, the whole contract was one of principal and agent, and it was a contract, in effect, that this relation should not be changed by the Citizens' Bank. It was clearly the intention of the Meridian Grain & Elevator Company not to become debtor to the Citizens' Bank; and it is also clear that this intention could not have been misunderstood by the bank, and that it accepted and transacted the business with that understanding.

We think this case is settled under the principles announced by this court in the cases of Ryan & Son v. Paine, 66 Miss. 678, 6 So. 320, and Kinney & Co. v. Paine, 68 Miss. 258, 8 So. 747. And in a later announcement of this court in the case of Love v. Federal Land Bank of New Orleans, 157 Miss. 52, 127 So. 720, 723, there was no question of trust raised except, perhaps, as to the insolvency of the collecting bank at the time of the collection. Judge ETHRIDGE, speaking for the court in this case, said that the relation of principal and agent exists where a paper is sent simply for collection until the money is collected, and thereafter that relation is changed to that of debtor and creditor. When it appears that the intention of the parties is different, then the intention of the parties ascertained by the court controls under this general principle of law, or, as said in this case, "When the collection has been made, the relation existing between the owner of the paper and the collecting bank depends upon the intention of the parties." It was further demonstrated that this case was decided upon the well-known fact that the custom of banks was to credit those for whom collections have been made, and to remit in the bank's usual exchange. Of course, this custom of banks is a part of the intention of the parties, unless that intention otherwise appears.

In the case at bar, it clearly appears that the parties had the contrary intent, and acted upon it. The Citizens' Bank of Newton made no effort to credit the Meridian Grain & Elevator Company with the funds, and it would

be idle to say that the mere fact that banks sent their exchange instead of sending the actual money by messenger or otherwise would be sufficient to change the clearly expressed intention of the parties in the transaction here under consideration. We do not deem it necessary to follow counsel for the parties herein in their citation of numerous authorities on this question, which has vexed the various courts of the country, but content ourselves with the announcement that the decision herein is in line and accord with the policy of this court on this question. There are conflicts in other courts of the country which cannot be harmonized, and an effort to do so will only tend to confuse the bench and bar. We simply announce that in this case it clearly appears that the intention of the parties was that the relation of principal and agent was to continue throughout the transaction until the agent had discharged its duty to the principal by placing in its hands its property. That relation in the instant case never changed; the Citizens' Bank never became the mere debtor of the Meridian Grain & Elevator Company. The court below so held.
Affirmed.