ADOLPHUS D. STRAUS et al., Respondents, *v.* THE TRADESMEN'S NATIONAL BANK of New York, Impleaded, etc., Appellant.

D., at the request of plaintiffs, and for their accommodation, delivered to them his check, payable to their order, drawn upon defendant, the T. N. Bank, with knowledge on their part that he had no funds to meet it, and with the understanding that they would furnish the means. Plaintiffs upon the next day, drew their check upon the H. N. Bank for the amount of the former check, payable to the order of one of them who, upon deposit of D.'s check to their credit, procured it to be certified by the drawee, and sent it by a messenger to be deposited to the credit of D. in the T. N. Bank. The messenger delivered the check to the teller with directions to apply it to the payment of D.'s check. The T. N. Bank sought to apply sufficient of the amount so placed to D.'s credit in payment of a balance due from him. In an action to determine the right of said bank to make such application wherein the above facts were proved, *held,* the evidence justified a finding that the deposit was spe-

cifically made to supply a fund to pay D.'s check, and that the bank had knowledge of this and notice to so apply it; that as between plaintiffs and D. the latter had no right to divert the fund, and defendant must be deemed to have received it subject to the special purpose or trust for which it was notified the deposit was made.

Also *held*, the fact that the deposit slip simply stated the deposit was to be made to the credit of D. without any reference to the purpose was simply a circumstance bearing upon the question as to notice.

Also *held*, that the trial court properly rejected testimony of defendant's president as to the time when he first heard of plaintiffs' claim that notice was given.

(Argued October 8, 1890; decided October 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 26, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Countryman* for appellant. The relation of banker and customer in respect to deposits is that of debtor and creditor. When deposits are received they belong to the bank as a part of its general funds, and the banker becomes the debtor to the depositor, and agrees to discharge the indebtedness by paying the checks of the depositor, his creditor. The contract between the parties is purely legal, and has no element of trust in it; therefore, the plaintiffs are not entitled to recover. (*Æ. N. Bank* v. *F. N. Bank*, 46 N. Y. 82, 86; *Johnson* v. *Roberts*, L. R. [10 Ch. App.] 505; *C. Bank* v. *Hughes*, 17 Wend. 94; 34 Barb. 298; 66 N. Y. 271; *In re Brood*, L. R. [17 Q. B. Div.] 740, 746; *In re G. C. Co.*, 20 W. R. 358; 56 N. Y. 478; 79 id. 183; 1 Morse on Banks, § 186.)

*Edwin B. Smith* for respondent. The deposit of June 25, being incontestably our property, deposited by us, in this form, for a specific purpose, acceded to by the bank, created a contract and trust relation between A. D. Straus & Co. and the

Tradesmen's National Bank. (*Risley* v. *P. Bk.*, 11 Hun, 484; 83 N. Y. 318; *Parker* v. *Baxter*, 19 Hun, 415, 416; *Lowery* v. *Steward*, 3 Bosw. 514; *Goepp's App.*, 15 Penn. St. 428; *Thompson's App.*, 22 id. 17; *Overseers* v. *Bk. of Va.*, 2 Gratt. 544; *McLaren* v. *Brewer*, 51 Me. 402; *Veil* v. *Mitchell*, 4 Wash. 105; *Bank* v. *Pollock*, 4 Edwd. Ch. 215; *U. S.* v. *St. Bk.*, 96 U. S. 30, 35; *Fletcher* v. *Sharpe*, 108 Ind. 279; *Van Allen* v. *Bk.* 52 N. Y. 1; *N. Bk.* v. *Ins. Co.*, 104 U. S. 54; *Pennell* v. *Deffel*, 4 DeG., M. & G. 372; *Firth* v. *Cortland*, 2 H. & M. 417; *Knatchbull* v. *Hallet*, L. R. (13 Ch. Div.) 696; *Taylor* v. *Plumer*, 3 M. & S. 562; *F. Bk.* v. *King*, 57 Penn. 202; *Newton* v. *Porter*, 69 N. Y. 136; *Bundy* v. *Monticello*, 84 Ind. 119; *McLeod* v. *Evans*, 66 Wis. 401; *Peak* v. *Ellicot*, 30 id. 156; Morse on Banks, 58, 59; *People* v. *City Bk.* 96 N. Y. 36, 37; *Cutler* v. *A. E. N. Bk.*, 113 id. 593; *Cooper* v. *Bk.*, 30 Fed. Rep. 171; *Keyser* v. *Hitz*, 2 Mack, 22, 24.) As to the fact of notice to and knowledge by the bank of the purpose of the deposit there was substantial evidence to sustain the finding. (*Mason* v. *Lord*, 40 N. Y. 476; *Pollock* v. *Pollock*, 71 id. 137; *Beach* v. *Cook*, 28 id. 540; *Slitt* v. *Huidekopers*, 17 Wall. 394; *Cable* v. *Paine*, 8 Fed. Rep. 790.) If any relation between Dixon and plaintiffs requires the application of this deposit to be made to his accommodation check, equity will compel such application, entirely irrespective of the question whether the bank's knowledge of that relation was prior, contemporaneous, or subsequent, to the making of the deposit. (*Van Allen* v. *Bank*, 52 N. Y. 1, 6, 9; 101 id. 565, 568; *Viets* v. *U. N. Bank*, 101 id. 564; *Hill* v. *Royds*, L. R. [8 Eq. Cas.] 290; *Bank* v. *Ins. Co.*, 104 U. S. 66; *Stevens* v. *Bd. of Education*, 79 N. Y. 186; *People* v. *City Bk.*, 96 id. 37; *Cutler* v. *Am. Ex. N. B.*, 113 id. 593; *Bank* v. *Speight*, 47 id. 668; *Coddington* v. *Bay*, 20 Johns. 637; *McBride* v. *Bank*, 26 N. Y. 450; *Lawrence* v. *Clarke*, 36 id. 128; *Taft* v. *Chapman*, 50 id. 448; *Barnard* v. *Campbell*, 35 id. 456, 463; *Turner* v. *Treadway*, 53 id. 650; *Comstock* v. *Hier*, 73 id. 269; *Moore* v. *Ryder*, 65 id. 442; *Winegar*

v. *Fowler*, 82 id. 315; *Weaver* v. *Barden*, 49 id. 291; *Fairbanks* v. *Sargent*, 104 id. 104; *Watervliet* v. *White*, 1 Den. 603; *Mayer* v. *Mayor, etc.*, 63 N. Y. 457; *Lawrence* v. *S. Bank*, 6 Conn. 529; *Branch* v. *Dawson*, 36 Minn, 197, 198; *Brabrook* v. *Bank*, 104 Mass. 228; *Sherman* v. *Bank*, 138 id. 581; *Robinson* v. *Ring*, 72 Me. 140; *Cooper* v. *Bank*, 30 Fed. Rep. 171.) Every presumption is in favor of the judgment appealed from. (*E. C. Foundry* v. *Hersee*, 103 N. Y. 25; *S. O. Co.* v. *Ins. Co.*, 64 id. 85; *Appleby* v. *E. Co.*, Id. 18; *Bryant* v. *Trimmer*, 47 id. 96; *Smith* v. *Newland*, 9 Hun, 553–555; *Baird* v. *Mayor, etc.*, 96 N. Y. 567.)

BRADLEY, J. The action was brought against the appellant and the Hanover National Bank of New York, and its purpose originally was to restrain the former from transferring or presenting for payment, and the latter from paying, a check drawn by the plaintiffs upon the Hanover Bank for $11,787.50, which had been deposited with the Tradesmen's Bank to the credit of Hiram Dixon. The claim to such relief was predicated upon the alleged ground that the check was so deposited to produce a fund to the credit of Dixon to pay a check drawn by him upon that bank for $11,775; and that the bank last mentioned sought to apply sufficient of the amount so placed to the credit of Dixon in payment of a debt or balance due from him to it of upward of $800. The matter being partially adjusted by application upon the Dixon check of the proceeds of the plaintiffs' check in excess of the amount of such debit balance, the complaint was so amended as to reduce the controversy to the question whether the Tradesmen's Bank was entitled to retain from the fund the amount so due it from Dixon. This was dependent upon the nature of the credit to Dixon, and the character in which the bank was at liberty to assume that the deposit furnishing the credit was made. As a rule a deposit made in a bank by a person on general account becomes its fund, and the relation between the depositor and the bank is that of debtor and creditor, and, in the absence of any agreement to the contrary, the bank is

at liberty to apply the money upon a demand due to it from the depositor. (*C. Bank* v. *Hughes*, 17 Wend. 94; *A. N. Bank* v. *F. N. Bank*, 46 N. Y. 82; *N. Bank* v. *Smith*, 66 id. 271.) This the defendant contends was the situation and the relation produced by the deposit in question. It appears that the Dixon check on the Tradesmen's Bank, payable to the order of the plaintiffs, was drawn by him and delivered to them at their request, and for their accommodation, with knowledge on their part that the drawer had no funds in the bank, and with the understanding that the plaintiffs would provide the means to meet it; and thereupon, and with that view, they drew their check upon the Hanover Bank payable to the order of one of them, who indorsed it, procured it to be certified by that bank and sent it to the Tradesmen's Bank. What took place there, when the messenger delivered it to that bank for deposit to the credit of Dixon, was the subject of conflict of evidence. But the trial court found that the plaintiffs' certified check was sent by them to the Tradesmen's Bank, and there deposited for the purpose of insuring the payment of Dixon's accommodation check; that the latter bank then well knew that it was intended for such purpose; and that such bank, at the time of the deposit of the check, had notice that such deposit was made for that purpose, and was to be applied to the payment of the Dixon accommodation check. This finding is not without some evidence for its support. The messenger, by whom the plaintiffs sent the check to the Tradesmen's Bank, testified that he handed the check to the teller of that bank, and then told him to apply it to the payment of a check Dixon had given to the plaintiffs the day before. For the purposes of this review, in view of such evidence and finding, it must be assumed that the defendant had notice that the deposit was specially made to supply a fund to pay the Dixon check. This check had been indorsed by the plaintiffs, and placed to their credit in the Hanover Bank, when their check on that bank was certified. And as between them and Dixon, the latter had no right to divert the fund, produced by the deposit in the Tradesmen's Bank,

from its purpose, and subject them to liability upon the indorsement so made of his check. The plaintiffs' check represented their money, and was deposited with the bank to carry out their agreement with Dixon, and, this being accomplished, they would also be relieved from liability as such indorsers. When the defendant received it, with notice that the deposit was made to pay a check given by Dixon to the plaintiffs, it was denied the right to treat the fund as a general deposit on Dixon's account; and it must be deemed to have been placed to the credit of Dixon, subject to the qualified purpose or trust, of which the defendant was then advised the deposit was made. (*Van Alen* v. *Bank*, 52 N. Y. 1; *People* v. *City Bank of Rochester*, 96 id. 32; *N. Bank* v. *Ins. Co.*, 104 U. S. 54.)

The omission in the deposit slip to make any reference to the purpose of the deposit other than that it be made to the credit of Dixon, was only a circumstance bearing upon the disputed question of fact, upon which the weight of evidence must here be treated as conclusively disposed of in the court below.

The president of the defendant, as a witness in its behalf, was asked, when he first heard of any claim on the part of the plaintiffs that, at the time of the deposit of their check, the receiving teller was told that it was to meet a particular check, and, an objection being taken, his answer was excluded and exception taken. There is no support for the contention that this was error. The transaction of making the deposit by the plaintiffs' messenger was with the teller only, and when the president first heard that it was claimed to have been made for a special purpose was immaterial. It could have no legitimate bearing upon the question whether any or what communication was made to the teller at the time of the delivery to him of the check for credit, qualifying its purpose.

None of the defendant's exceptions were well taken.

The judgment should be affirmed.

All concur.

Judgment affirmed.