No. 27,349.

A. E. LLOYD, *Appellee,* v. THE BUTLER COUNTY STATE BANK et al., *Appellants.*

SYLLABUS BY THE COURT.

1. BANKS AND BANKING—*Insolvency—Rights of Drawer of Certified Check.* The drawer of a certified check, to whom it had been returned by the payee after the insolvency of the bank, upon his payment of the amount, is held in the situation here presented to be entitled to maintain an action thereon against the assets of the bank.

2. SAME — *Insolvency — Certified Check as Charge Against Guaranty Fund.* The holder of a certified check issued to him in exchange for his own check against his deposit, is not entitled, upon the insolvency of the bank, to have it made a charge against the guaranty fund.

3. SAME—*Insolvency—Preferences—Holder of Certified Check.* The holder of a certified check is not entitled to a preference over ordinary creditors upon the insolvency of the bank.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed February 12, 1927. Affirmed in part and reversed in part.

*J. B. McKay,* of El Dorado, for the appellants.

*John J. Jones,* of Chanute, *B. R. Leydig* and *K. M. Geddes,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

MASON, J.: A. E. Lloyd is the holder of a certified check for $5,000 on the Butler County State Bank, which was outstanding at the time the bank passed into the control of the banking department in a state of insolvency. He brought this action against the bank, the bank commissioner and the receiver, asking that in addition to a general charge against the assets he be given a right to look to the guaranty fund for the amount; or if that were denied that he be made a preferred claimant. His claim was adjudged to be a charge against the guaranty fund, but otherwise his claim of preference was

Banks and Banking, 7 C. J. pp. 485 n. 81, 706 n. 81, 707 n. 82, 734 n. 15, 751 n. 76.

denied. He appeals from the latter part of the decision and the defendants appeal from that in relation to the guaranty fund.

1. The check was drawn to the order of Nelson Brothers by the plaintiff, who procured it to be certified and then placed it in another bank with a contract for the drilling of an oil well, in accordance with an agreement theretofore made. After the defendant bank was closed the check was presented for payment, which was refused, and the plaintiff then paid the holder its amount and it was returned to him. The defendants suggest that the plaintiff may not be authorized to enforce collection of the check—that in contemplation of law the certification may be regarded as having been procured by the payees, and the plaintiff's redemption as a voluntary act. His holding of the check under the circumstances stated would seem to protect the bank and those distributing its assets against any claim on the part of Nelson Brothers. But in any event there is an admission in the pleadings that the defendants are liable to the plaintiff on the check as a common claim.

2. The guaranty fund is for the benefit of depositors with respect to deposits. (R. S. 9-204, 9-206.) "Speaking generally, to create a deposit, within the meaning of the statute, money or the equivalent of money must in intention and effect be placed in or at the command of the bank, under circumstances which do not transgress specific limitations of the bank guaranty law." (*National Bank v. Bank Commissioner,* 110 Kan. 380, 390, 204 Pac. 715.) A certified check is in effect an accepted bill of exchange drawn against a deposit. Its amount is withdrawn from the deposit of the drawer, which is diminished to that extent, and the bank becomes liable to the holder of the check. While the bank's responsibility to him is much the same as though he held a certificate of deposit, the relation between them as debtor and creditor is still more analogous to the situation in that regard created by the bank's acceptance of a bill of exchange. The holder of a certified check, which is payable on presentation, may refrain for a considerable period from asking payment, but he does not thereby become one of the class it was the intention of the legislature to protect by the guaranty fund. He has made no deposit. He is merely a creditor who has delayed presenting his claim.

The plaintiff cites a case to the effect that the holder of a cashier's check, which was delivered to him in exchange for his own, is within the protection of the guaranty fund, under a statute protecting "unsecured and noninterest-bearing deposits." (*Middle-*

Lloyd v. Butler County State Bank.

*kauff v. State Banking Board,* 111 Tex. 561.) The court said: "Had relator had his own $3,000 check certified, or had he taken the bank's formal certificate of deposit for that amount, no one could maintain that he meant such negotiable paper to extinguish the bank's liability to him as a depositor." (p. 567.) The basis of the decision is indicated by this language.

"We express no opinion as to the right, with respect to the guaranty fund, of a payee of a cashier's check, to whom no obligation has been previously incurred under a general deposit. It is enough to say that relator's unextinguished rights under his open, unsecured and non-interest-bearing deposit furnish the basis on which we predicate the decree in his favor." (p. 568.)

Whether or not that case is distinguishable in principle from this we hold the certification of the plaintiff's check, although it was not paid because not presented until after the bank had been closed, effected such a change in the situation of the plaintiff that he was no longer entitled to look to the guaranty fund as security for the amount of the check, upon the theory that by its nonpayment he was restored to his rights as a general depositor, or upon any other ground.

3. The certification of a check makes the bank the primary debtor of its holder, under an absolute duty to pay, without reference to the state of the drawer's account. But by the act the bank does not undertake to set aside specific coins, greenbacks or other currency to meet this obligation. Nor does any practice of that kind exist. Language is often used which may be open to interpretation as indicating the contrary, just as a depositor is often spoken of as having money in the bank—an expression technically inaccurate but not misleading, everyone understanding that the depositor is a creditor of the bank but has no title to any of the money in its vaults. A good illustration of the expressions referred to is the following text, from which is adapted the first paragraph of the syllabus in *McAdoo v. Bank,* 106 Kan. 662, 189 Pac. 155:

"As a general proposition it may be said that the certification of a check by a bank is equivalent to the acceptance of a bill of exchange by the drawee, and implies that the check is drawn on sufficient funds in the drawee's possession, that they have been set apart for its payment, and that they will be thus applied when the check is presented for that purpose." (7 C. J. 706.)

The statement in the syllabus referred to that the certification implies the check is drawn upon sufficient funds, which have been set apart for its payment and will be so applied on presentation, must be interpreted in the light of the situation to which they were

applied. It was made in a case where the bank sought to escape its own liability to the holder of the check and give the drawer an opportunity to make a defense to it. It does not mean that money had physically been set apart to meet the check, but that a corresponding amount had been deducted from the drawer's deposit and in effect entered to the credit of the owner of the check. The opinion quotes from an earlier case a more general statement of the effect of certification:

"A request upon a bank that it accept a check is a request for the creation of a legal relation between the holder and the bank wholly without and beyond the purview of the paper. If such relation be established it imposes upon the bank a liability to a party to whom it was not before bound at all, and it converts the privilege of the bank to pay if in funds into an absolute and unconditional duty to pay, no matter what may be the state of the depositor's account." (*Bank v. Bank,* 74 Kan. 606, 609, 87 Pac. 746.)

A paragraph of a note to the passage from Corpus Juris above quoted reads: "The certifying creates no trust in favor of the holder and no lien on any particular assets of the certifying bank." In what appears to be the leading case on the subject, cited in the note referred to, it is said:

"And as said by Rapallo, J., in speaking of the nature of the contract that a bank makes on certifying checks (*Thompson v. Bank,* 82 N. Y. 6):

"'The bank has given a negotiable obligation to the holder of the check which is equivalent to a certificate of deposit. If the holder of the certified check should lose it, he would still have his remedy upon it against the bank, but could not have recourse against the drawer, whose funds had thus been locked up or transferred to the credit of another party.'

"The contract, therefore, that a bank makes when it certifies a check, is in effect an acceptance. There is no trust relationship between such bank and the holder of the check, nor is the bank bound to set apart from its other funds a particular sum for its payment. (*Bank v. Leach,* 52 N. Y. 350; *Lynch v. Bank,* 107 N. Y. 179, 13 N. E. 775; *Bank v. Bingham,* 118 N. Y. 349, 23 N. E. 180.) These cases are authority for the proposition that by the certification of a check, or the issuance of a certificate of deposit, a bank becomes debtor to the holder of such check, and is not obliged to set apart any portion of its assets as a particular fund to pay such check." (*People v. St. Nicholas Bank,* 28 N. Y. S. 407, 412.)

This case is cited in 1 Morse on Banks & Banking, 5th ed., sec. 414, with the statement: "The certification of a check will not give the holder a preference over other creditors upon insolvency of the bank."

The case is also cited, with others, in support of this text:

"The certification creates no trust relation between the bank and the holder

of the check, so as to give the holder a lien upon any particular fund. The relationship merely of debtor and creditor is established, and the bank is not obliged to set apart from its other funds a particular sum for its payment." (5 A. & E. Encyc. of L., 2d ed., 1056.)

The federal statute forbids the officers of a national bank to certify a check unless the drawer has on deposit an amount equal to that for which it is drawn, but expressly provides that any check so certified shall be a valid obligation of the bank. (R. S. § 5208; 40 U. S. Stat. 232.) State banks are subject to a like regulation. (R. S. 9-139.) The federal law requires the amount of a certified check to be entered to the credit of the dealer upon the books of the bank, but does not direct the setting apart of a specific fund to meet it. (R. S. §§ 5208, 5209; 40 U. S. Stat. 232.)

Good banking requires that when a check is certified the drawer shall actually have its amount on deposit, that an entry shall be made on the bank's books showing the withdrawal of the amount from his account, and its transfer to a fund from which payment of the check is to be made; and that this fund will be maintained until the check's presentation. The bank by certifying a check is regarded as asserting the existence of these conditions, but its act is contractual rather than evidentiary. It undertakes to pay the check on presentation, regardless of the state of the drawer's account. Its obligation in this respect is of no different character than that to a depositor to pay a check drawn on sufficient funds. If the drawer of a check which a bank has certified has in fact no funds on deposit the instrument is still a certified check and the bank's liability thereon is in no wise affected.

Money may be deposited with a bank for a particular purpose as, for instance, to pay a specified note or draft, under such circumstances that while it is not strictly a special deposit, although sometimes given that term, the depositor may upon insolvency recover it as a trust fund (7 C. J. 631, 632), but that it is upon the theory that the relation of principal and agent existed, which is not the case here; and we have already determined that the holder of the certified check is not in virtue thereof a depositor.

We agree with the district court in its conclusion that the certification of the check did not give it a preferential standing as a charge against the assets in the receiver's hands.

The judgment is reversed so far as the plaintiff's claim is made a charge against the guaranty fund, and affirmed so far as it is denied a preference over ordinary debts of the bank.