## STANDARD OIL COMPANY (INDIANA) v. A. J. VEIGEL.[1]

June 1, 1928.

No. 26,741.

**Upon insolvency of bank issuing certified checks plaintiff became a general creditor.**

1. The purchaser of a bank draft, a cashier's check or a certified check becomes a general creditor of the bank and is not entitled to a preference over other creditors upon the bank's becoming insolvent.

**Under facts mentioned in opinion plaintiff was not entitled to become a preferred creditor.**

2. Plaintiff required its local agents to deposit the daily receipts in a bank in plaintiff's name, to draw a check in plaintiff's name payable to plaintiff for the amounts so deposited and have it certified by the bank, and to transmit it to plaintiff with the daily report. Plaintiff had arranged with the bank to receive these deposits and certify the checks. The bank failed with several of these checks outstanding. *Held* that plaintiff was a general creditor and not entitled to a preference.

Banks and Banking, 7 C. J. p. 628 n. 94; p. 706 n. 81; p. 751 n. 75.

---

See note in 16 A. L. R. 190; 3 R. C. L. 557; 4 R. C. L. Supp. 201.

Plaintiff appealed from a judgment of the district court for Pennington county, Grindeland, J. Affirmed.

*Orr, Stark & Kidder,* for appellant.

*Theo. Quale,* for respondent.

TAYLOR, C.

Defendant, as commissioner of banks, is winding up the affairs of the insolvent Farmers & Merchants State Bank of Thief River Falls. Plaintiff presented a claim based upon five checks certified by the bank and asked to have it allowed as a preferred claim. Defendant refused to allow it as a preferred claim, but allowed it as a general

[1]Reported in 219 N. W. 863.

claim. Thereupon plaintiff brought this action to establish it as a preferred claim and appeals from a judgment for defendant.

The facts are undisputed. Plaintiff had a general office at Fargo, North Dakota, and had local agents at Thief River Falls, Minnesota. It furnished to these agents a printed form of check which, omitting the date lines and name of the bank, reads:

"Pay to the order of First National Bank, Fargo, N. D., for account of Standard Oil Co., Fargo, N. D. ............... dollars

"The Standard Oil Company

"(Indiana)

"By.........................

"Agent."

Printed upon the check was this notice:

"Depositing agents of the Standard Oil Co. are only authorized to draw checks on this form. The form must not be altered as to payee."

It also contained a printed form of certification to be signed by the bank. Plaintiff required the local agents to make daily reports of the amounts taken in; to deposit these amounts in the bank; to draw a check for the amount so deposited on one of the prescribed forms and have it certified by the bank; and to transmit it to plaintiff with the daily report. Plaintiff had previously furnished the bank with a copy of the prescribed form of check and made an arrangement with it by which the bank was to receive the daily deposits made by the agents and certify a check drawn upon one of these forms for the exact amount so deposited. Plaintiff deposited these checks to the credit of its checking account in the Fargo bank, and they were collected through the usual banking channels. The checks in question were drawn and certified pursuant to this arrangement but failed to reach the bank for payment before it closed.

A deposit in a bank is a general deposit and becomes the property of the bank, and creates the relation of debtor and creditor between the bank and the depositor, unless there is an agreement or under-

standing that it is made for some other specified purpose. 1 Dunnell, Minn. Dig. (2 ed.) § 780, and cases cited. Plaintiff contends that the deposits in question were made for a special purpose which excepted them from the general rule.

In support of this contention plaintiff cites cases in which it was held that where the depositor informed the bank that the deposit was made to meet a check which he had issued, or was about to issue, to a third party; or to pay a particular note, mortgage or other obligation; or was to be held in the nature of an escrow pending completion of a contract or compliance with some stipulated condition, the bank received it for that specific purpose and could not apply it to any other nor treat it as a general deposit. First Nat. Bank v. Propp, 198 Iowa, 809, 200 N. W. 428; Morton v. Woolery, 48 N. D. 1132, 189 N. W. 232, 24 A. L. R. 1107; Straus v. Tradesmens Nat. Bank, 122 N. Y. 379, 25 N. E. 372; Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052; Blummer v. Scandinavian Am. State Bank, 169 Minn. 89, 210 N. W. 865; Milne v. Capital Tr. & Sav. Bank, 170 Minn. 66, 211 N. W. 954, are examples of such cases, and many more are cited in the annotation found in 31 A. L. R. 472. All these cases involve transactions between the depositor and a third party and are not in point on the facts of the instant case.

Here plaintiff by its agent deposited its own funds in the bank for the purpose of having them transmitted to itself at Fargo by means of checks drawn by itself and payable to itself. The deposits were not made for the purpose of being applied upon an outstanding obligation of plaintiff, nor for the purpose of furthering a transaction between plaintiff and a third party. The arrangement was made by plaintiff itself, not by the local agents, and was made for the purpose of using the banks and banking channels as a convenient and inexpensive means of transferring its funds from the place where they were received to the place where it had its general office. The facts do not bring these transactions within any of the exceptions to the general rule. Plaintiff was simply the purchaser of certified checks.

A certified check is in substance and effect an accepted bill of exchange. Milne v. Capital Tr. & Sav. Bank, 170 Minn. 66, 211 N. W. 954; 7 C. J. 706, § 435, and cases cited. It is well settled that the purchase of a bank draft, a cashier's check or a certified check creates the relation of debtor and creditor between the bank and the purchaser, and that the purchaser is not entitled to a preference over other general creditors of the bank from which it was purchased. The following list of cases so holding is by no means exhaustive: People v. Merchants & Mech. Bank, 78 N. Y. 269, 34 Am. R. 532; Legniti v. Mechanics & Metals Nat. Bank, 230 N. Y. 415, 130 N. E. 597, 16 A. L. R. 185; Clark v. Toronto Bank, 72 Kan. 1, 82 P. 582, 2 L.R.A.(N.S.) 83, 115 A. S. R. 173; Lloyd v. Butler Co. State Bank, 122 Kan. 835, 253 P. 906, 51 A. L. R. 1030; Beecher v. Cosmopolitan Tr. Co. 239 Mass. 48, 131 N. E. 338; American Ry. Exp. Co. v. Cosmopolitan Tr. Co. 239 Mass. 249, 132 N. E. 26; Spiroplos v. Scandinavian Am. Bank, 116 Wash. 491, 199 P. 997, 16 A. L. R. 181; First Nat. Bank v. State Bank, 110 Or. 601, 222 P. 1079; In re Citizens State Bank (Idaho) 255 P. 300; American Bank v. Peoples Bank (Mo. App.) 255 S. W. 943; Lamro State Bank v. Farmers State Bank, 34 S. D. 417, 148 N. W. 851; Grammel v. Carmer, 55 Mich. 201, 21 N. W. 418, 54 Am. R. 363; Sunderlin v. Mecosta Co. Sav. Bank, 116 Mich. 281, 74 N. W. 478; Harrison v. Wright, 100 Ind. 515, 58 Am. R. 805; Citizens Bank v. Bank of Greenville, 71 Miss. 271, 14 So. 456; Citizens Bank v. Bradley, 136 S. C. 511, 134 S. E. 510; People v. California S. D. & Tr. Co. 23 Cal. App. 199, 137 P. 1111, 1115; and a series of cases in 202 Iowa, beginning with Leach v. Battle Creek Sav. Bank at p. 871, see 211 N. W. 506-540.

We concur in the conclusion of the learned trial judge, and the judgment is affirmed.