## HOLDINGFORD MILLING COMPANY v. HILLMAN FARMERS CO-OPERATIVE CREAMERY.[1]

August 29, 1930.

No. 27,970.

[1]Reported in 231 N. W. 928.

*Frederick J. Miller*, for appellant.
*Donohue, Quigley & Donohue*, for respondent.

HOLT, J.

Action to recover for merchandise sold by the plaintiff to defendant at the agreed price of $1,036.50. The sale was admitted and payment alleged. The court found no payment had been made, and directed judgment for plaintiff for the agreed price with interest from November 30, 1927. Defendant appeals from the judgment entered.

The evidentiary facts are hardly in dispute. Goods of the agreed price stated were sold and delivered by plaintiff to defendant between the 21st and the 30th of November, 1927. On December 5, 1927, defendant mailed its check to plaintiff for $1,036.50, drawn on the Farmers State Bank of Hillman, payable to plaintiff's order. Plaintiff received the check at its place of business in Holdingford, Minnesota, which is 40 miles from Hillman, where defendant is located. Upon receipt of the check plaintiff immediately and in the usual course of business sent it to its depository, the Stearns County State Bank of Albany, for collection, and it reached that bank on December 6, 1927. Plaintiff also did business at that time with a bank at Holdingford. The Stearns County State Bank of Albany at once forwarded the check to its correspondent, the First National Bank of Minneapolis, for collection and clearance. Upon receipt of the same the latter bank, in the usual course of business, forwarded it to the Farmers State Bank of Hillman, the only bank at Hillman, for payment. The check likely reached the Hillman bank on Saturday, the 10th of December, 1927. On Monday, the 12th, the Hillman bank stamped the check paid and charged defendant's account therewith. However it paid no money thereon but instead forwarded its draft to cover the same and other items to the First National Bank of Minneapolis, but before the draft reached that bank the Farmers State Bank of Hillman was closed

for liquidation and the draft was not paid. So the check never in fact has been paid, nor has plaintiff realized anything therefrom. The court found that the check was not accepted in payment of the goods sold; that it was duly presented for payment to the Farmers State Bank of Hillman within a reasonable time and in the usual and regular course of business but was not paid; and, further, that plaintiff used due diligence and was without fault or negligence.

Plaintiff has not received payment for the goods sold, and should recover, unless the check was not presented for payment within a reasonable time, or, secondly, unless the draft transaction was illegal and relieved defendant. The law is that if a check is not presented for payment within a reasonable time the drawer thereof will be discharged to the extent of the loss caused him. G. S. 1923 (2 Mason, 1927) § 7229. In determining what is reasonable time regard is had to the facts of the particular case. Id. § 7237. Plaintiff did what was the usual thing to do under modern business ways. No one in the position of plaintiff would think of traveling to the drawee bank at a distant place to collect on a check. He would deposit it in his own bank for collection. The bank at Albany was but a few miles away from the little village of Holdingford, and the mere fact that plaintiff did not deposit in the Holdingford bank does not condemn it. There may have been a good reason for not doing so. In any event, to do business with a bank in a larger place than Holdingford cannot be considered other than prudent and legitimate for a business concern. Plaintiff deposited the check for collection immediately upon its receipt, and hence it personally acted with due diligence. The record does not justify a finding that plaintiff designedly took a circuitous route of collecting by depositing in the Albany bank rather than in the Holdingford bank. Richardson Grain Sep. Co. v. East Hennepin State Bank, 143 Minn. 420, 174 N. W. 415. But of course the Stearns County State Bank of Albany and the First National Bank of Minneapolis were plaintiff's agents, and if either was remiss with respect to the collection of this check the consequences fall upon plaintiff. There can be no question as to the diligence and proper conduct of the depository

bank. Nor reasonably can fault be found with the promptness or speed with which the First National Bank of Minneapolis presented the check for payment. The record shows that there was but one mail a day to or from the small places mentioned, and therefore an unexplained delay of a day or two may occur. However the latter bank indicating that payment might be made in the manner usually made between banks, and not by cash, subjected itself to the charge of negligence and became liable under the law as it was previous to the enactment of L. 1927, p. 214, c. 138, § 1. Hommerberg v. State Bank, 170 Minn. 15, 212 N. W. 16; Tobiason v. First State Bank, 173 Minn. 533, 217 N. W. 934; City of Douglas v. Federal Res. Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. ed. 1051. Federal Res. Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. ed. 617, 31 A. L. R. 1261, and numerous authorities from other states might be cited to the effect that a collecting bank "is authorized to receive money only and has no implied authority to receive a draft instead, and if it does so, it assumes the risk that the draft will be paid and become liable to the owner for the amount of the check." (Jensen v. Laurel Meat Co. 71 Mont. 582, 591, 230 P. 1081, 1083.)

The rule of law above alluded to presents the question whether the transaction in respect to the draft relieved defendant from the obligation to pay for the goods bought. The legislature in session when the decision in Hommerberg v. State Bank, 170 Minn. 15, 212 N., W. 16, was rendered, without doubt enacted what is now 2 Mason, 1927, § 7233-1, to conform the law to what practical and customary banking business demanded. The section reads:

"Any bank, savings bank or trust company (hereinafter called 'bank') doing business in this state, in receiving items for deposit or collection, in the absence of a written agreement to the contrary, shall act only as the depositor's collecting agent and shall have no responsibility beyond the exercise of due care. All such items shall be credited subject to final payment in cash or solvent credits. Such bank shall not be liable for default or negligence of its duly selected correspondents nor for losses in transit, and each correspondent so selected shall not be liable except for its own negligence.

Such bank or correspondent may send items, directly or indirectly, to any bank including the payer, and accept its draft, check, or credit as conditional payment in lieu of cash. It may charge back any item at any time before final payment whether returned or not."

It is plain that the last two sentences made a radical change in the law as declared in the Hommerberg case, and fully absolve the First National Bank of Minneapolis from any fault or negligence with regard to the collection of the check in question. What it did the statute authorized. It did not obtain payment of the check. The draft sent it for that purpose was dishonored when the drawer thereof, the Hillman bank, closed its doors before the check reached the Minneapolis bank; and the latter then had the right to charge back the credit given for the check. The Hillman bank was defendant's agent, and its attempted payment of defendant's check with a worthless draft did not become a payment in law for the goods plaintiff had sold and delivered to defendant. That it did not so become a payment was the fault of defendant's agent and not that of plaintiff or any of its agents. That a statute somewhat similar to ours affected the law as stated in the Malloy and the other cases referred to above, we have an example in Cleve v. Craven Chemical Co. (C. C. A.) 18 F. (2d) 711, 52 A. L. R. 980. And in Schram v. Askegaard, 34 F. (2d) 348, Judge Sanborn of the federal district court held that 2 Mason, 1927, § 7233-1, abrogated the rule of Federal Res. Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. ed. 617, 31 A. L. R. 1261, in this state.

There was no motion for a new trial, only for amended findings. But the facts as found and as outlined above do not call for any material amendment which could sustain a judgment in favor of defendant. Plaintiff urges other grounds in favor of the judgment, but it is unnecessary to consider these, for under the practically undisputed facts and the statute cited we think the finding of no payment must be sustained.

The judgment is affirmed.