## COUNTY OF LINCOLN v. FARMERS STATE BANK OF ARCO, BY A. J. VEIGEL.[1]

January 9, 1931.

No. 28,223.

R. F. Schulz and B. M. Heinzen, for appellant.
D. F. Nordstrom, for respondents.

[1]Reported in 234 N. W. 449.

292

DIBELL, J.

Action by the county of Lincoln to have two claims, one of $5,000 and the other of $2,000, against the defendant Farmers State Bank of Arco, in liquidation by A. J. Veigel, commissioner of banks, adjudged preferred claims. The defendants demurred to the complaint, the demurrer was sustained, and from the judgment entered the plaintiff appeals.

There are two causes of action. In the first the situation is this: On June 25, 1928, the plaintiff had on deposit in its checking account in the Farmers State Bank of Arco $10,000. On that day the county treasurer issued and delivered his check for $5,000 on the Arco bank to the Farmers & Merchants National Bank of Ivanhoe. The purpose was to transfer that amount of its deposit in the Arco bank to the Ivanhoe bank. The Ivanhoe bank forwarded the check to the National Citizens Bank of Mankato for collection and remittance. The Mankato bank forwarded the check to the Arco bank for payment and remittance. The Arco bank stamped its check paid on July 2, 1928, and charged the checking account of the plaintiff. Quoting the language of the complaint, the Arco bank in payment of the check "issued its own cashier's check on the Farmers State Bank of Tyler, in which said Arco bank had and kept on deposit part of the funds deposited with it by plaintiff as aforesaid, and forwarded said cashier's check to said Tyler bank, with instructions to remit to said National Citizens Bank of Mankato, said sum of $5,000 in payment of said check." This was an unusual way of remitting to the Mankato bank and hardly an understandable way of drawing a cashier's check. There may be a mistake in phraseology; but in no event is the result changed. The Tyler bank on July 5, 1928, issued its draft on the First National Bank of Minneapolis payable to the Mankato bank for $5,882.18. This included in addition to the $5,000 other items totaling $882.18. It forwarded the draft to the Mankato bank, which forwarded it to the Merchants National Bank of St. Paul for collection. The Merchants National of St. Paul presented the draft for payment to the First National of Minneapolis on July 7, 1928. Payment was refused, and the draft was protested for nonpayment.

On July 9, 1928, Veigel as commissioner of banks closed the Arco bank and took possession of its assets for liquidation; also the Tyler bank.

No part of the $5,000 check has been paid and no remittance received by the plaintiff or the Ivanhoe bank. The Arco bank deducted the amount of the check from the checking account of the plaintiff.

The plaintiff filed with the commissioner its claim against the Arco bank for $5,000 as one preferred. The bank commissioner on February 11, 1929, rejected it as a preferred claim but allowed it as nonpreferred. At the time Veigel took possession of the Arco bank he received assets belonging to the bank in excess of $7,000.

A check of $2,000, which the second cause of action involves, took substantially the same course, and the second cause of action need not be considered separately.

The drawing of the check by the county treasurer on the Arco bank gave the county no preference over general creditors. Standard Oil Co. v. Veigel, 174 Minn. 500, 219 N. W. 863; Clark v. Toronto Bank, 72 Kan. 1, 82 P. 582, 2 L.R.A.(N.S.) 83, 115 A. S. R. 173; 2 Morse, Banks & Banking (6 ed.) §§ 512-513; Tiffany, Banks & Banking, 352.

The deposit with the Arco bank was not special. Milne v. Capital T. & S. Bank 170 Minn. 66, 211 N. W. 954; Hjelle v. Veigel, 169 Minn. 173, 210 N. W. 891. There was no trust. Sunderlin v. Mecosta C. S. Bank, 116 Mich. 281, 74 N. W. 478; Leach v. Citizens State Bank, 202 Iowa, 879, 211 N. W. 526; Lloyd v. Butler County State Bank, 122 Kan. 835, 253 P. 906, 51 A. L. R. 1030; Louisville Banking Co. v. Paine, 67 Miss. 678, 7 So. 462. The plaintiff put nothing into the bank nor did it create a trust or special deposit. It endeavored to get out in the usual way $5,000 from its $10,000 already there. The clearance had gone so far that its account in the Arco bank had been charged with its check and a cashier's check of the Arco bank was on its way to complete the clearance. This fact on the authorities cited does not give a preference. The county would not claim a preference if the $5,000 check had not been drawn.

It claims it because the clearance proceeded so far that in its course its account with the Arco bank was charged and that that bank's cashier's check was issued but that the clearance was incomplete at the time it went into liquidation.

We have examined the plaintiff's fully collated authorities, but the law is not with it. The case of Winkler v. Veigel, 176 Minn. 384, 223 N. W. 622, involves a special deposit and is not controlling though it is true here, as it was of the bank there, that the Arco bank's assets were augmented because the check did not complete its clearance journey in time. It is fair to assume that this is usual in cases of bank insolvency and the drawer is without remedy on a claim of preference without a special deposit or trust. It may be noted that there was no negligence of the bank's participation in the clearance. Holdingford Milling Co. v. Hillman F. Co-op. Creamery, 181 Minn. 212, 231 N. W. 928.

Judgment affirmed.