Franklin Trust Co. of Philadelphia et al. *v.* City of Philadelphia, Appellant.

Argued October 10, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Samuel Feldman*, Assistant City Solicitor, and with him *David J. Smyth*, City Solicitor, for appellant.

*Claude B. Wagoner*, and with him *Glenn A. Troutman, Charles S. Wesley, Shippen Lewis*, Special Deputy Attorney General, and *William A. Schnader*, Attorney General, for appellee.

Opinion by Keller, J., December 16, 1933:

The Franklin Trust Company, on June 10, 1931, in anticipation of a deposit about to be made with it by the City of Philadelphia, entered into a certain depository agreement with the city, under which it deposited with the Philadelphia National Bank, as custodian for the city treasurer, 250 four per cent bonds of the City of Philadelphia for $1,000 each—due 1948-78—(Nos. 101 to 350 inclusive), to indemnify the city, the city treasurer, and other depositing officers against loss caused by or resulting from its default in complying with the terms and covenants in said agreement set forth. This was done pursuant to the authority contained in the Act of April 29, 1929, P. L. 865, which provided that all depositories of city funds in cities of the first class shall "furnish a bond to secure payment of deposits and interest to the city;" or in lieu of such bond, "the deposit of city moneys may be secured by the deposit with the city treasurer of bonds of the United States or of any county, municipality or municipal district of the Commonwealth," etc. The portions of said depository agreement material or pertinent to the issues in this case are printed in the margin.

"WHEREAS, all funds and moneys belonging to the City of Philadelphia or in the custody of said City or of certain officers thereof,

On September 24, 1931, pursuant to certain advertisements soliciting proposals for furnishing street designation signs to the city, one Frank J. Crane, a depositor in the Franklin Trust Company submitted a proposal bid, accompanied by a check drawn on said Franklin Trust Company to the order of the city treasurer of Philadelphia for $500, duly certified by said trust company ("Certified—Sept. 24, 1931. Good when properly endorsed") which was lodged in the office of the director of public safety of said city. This check was not endorsed by the payee or any officer or agent on his behalf, and had not been deposited in, nor presented for payment to, the Franklin Trust Company at the time of bringing suit.

On October 5, 1931, the Franklin Trust Company closed its doors and discontinued business, and its property and assets were taken over by the Secretary of Banking.

The City of Philadelphia has received repayment of all its moneys deposited in the said Franklin Trust

are required by law to be deposited in banks or other institutions known as City Depositories, of which the undersigned Bank and/or Trust Company is one; and accordingly the Treasurer of the City of Philadelphia and/or other officers of said City or of Departments, Boards or Commissions thereof, or of Institutions owned and/or controlled by said City in whole or in part (all of whom will hereinafter be termed 'other depositing officers') have deposited or propose to deposit with the undersigned Bank and/or Trust Company, funds and moneys of said City or of which the City Treasurer or other depositing officers are custodians, it being expressly understood that the said deposits shall be liable at all times to withdrawal by warrant, draft, check or order of the City Treasurer or other depositing officers by whom such deposits were made or by their successors in office:

"AND WHEREAS, the undersigned Bank and/or Trust Company has or is about to deposit with the Treasurer of the City of Philadelphia the bonds and securities hereinafter specifically set forth, as collateral to secure the payment of deposits and interest thereon as above set forth and as indemnity against loss arising by reason of the default of the undersigned in complying with the terms and covenants in the agreement hereinafter set forth.

"AND WHEREAS, the above mentioned bonds and securities de-

Company. It has not received payment of the afore-mentioned certified check.

All bonds in the custody of the Philadelphia National Bank under said agreement have been returned to the said Franklin Trust Company except one for $1,000, which the plaintiff in this suit is demanding shall be returned to it.

The question for decision is whether the certified check aforesaid is embraced within the indemnifying provisions of the depository agreement; whether the obligation of the agreement,—in the light of its pre-ambles or preliminary clauses,—to account for and pay over such funds and moneys of the City of Phila-delphia—or of which the city is custodian—as may be deposited with the Trust Company includes the certi-fied check drawn by Crane and submitted with his pro-posal bid aforesaid.

The court below ruled that the check was not within the scope of the agreement; and we agree with it.

In our opinion, the Act of 1929, supra, which author-

posited or to be deposited with the City Treasurer as aforesaid have been or are about to be placed by the said City Treasurer in the custody and possession of The Philadelphia National Bank, at the request of and with the consent of the undersigned Bank and/or Trust Company.

"KNOW ALL MEN BY THESE PRESENTS, That the under-signed Bank and/or Trust Company does hereby covenant and agree that it shall and will, well and truly faithfully and honestly keep an account of such funds and moneys of the City of Philadelphia or of which the said City, the City Treasurer or other depositing officers are custodian, deposited or to be deposited with it as afore-said, and shall account for and pay over and deliver the same and any and every part thereof from time to time when the same shall be demanded, to or upon the order of the City Treasurer or other depositing officers, or their successors in office; and shall and will upon like demand and order pay to the City Treasurer or such other depositing officers or their successors in office for the use of the City of Philadelphia the whole or any part of such sum or sums of money deposited as aforesaid as the undersigned may owe to the City of Philadelphia in its own right or as custodian or to the City Treasurer or other depositing officers as custodian, with interest on such moneys and funds at the rate which may have been agreed upon."

ized the use of these municipal bonds in lieu of a surety bond, "to secure payment of deposits and interest to the City," in using the word 'deposit' in the phrases 'deposits and interest to the city,' and 'equal to the deposit so secured and twenty per centum in addition thereto,' meant the deposits made by the City, through its proper officers, in the bank or trust company depository, to be credited to its account on the books of said depository; and that the depository agreement both in its preambles and in its obligatory clause expresses the same intention. The deposits secured are such as "shall be liable at all times to withdrawal by warrant, draft, check or order of the City Treasurer or other depositing officers *by whom such deposits were made,* or by their successors in office." By certifying the check of Frank J. Crane no funds were transferred from Crane's account to the deposit account of the City of Philadelphia in the Franklin Trust Company. Immediately upon certifying the check the account of Crane was debited by the amount of the check but the account of the City was not credited and could not be until the check was endorsed and presented to the trust company for deposit to its account. Until then, it was not such a deposit as was liable to withdrawal by warrant, draft, check, or order of the City Treasurer, or other depositing officer *by whom such deposit was made.* The effect of such certification is best expressed in the words of Chief Justice OAKLEY in Willetts v. The Phoenix Bank, 2 Duer 121 (N. Y.) as follows: "It is the duty of the officer certifying a check, to cause it to be immediately charged as paid in the account of the drawer and when this is done the sum thus charged will remain *as a deposit in the bank to the credit of the check,* and be forever withdrawn from the control of the maker, except as a holder of the check." See Girard Bank v. Bank of Penn Twp., 39 Pa. 92, 99. While a number of decisions cited by the appellant,

which were discussing the rights and duties of the bank to the holder of a certified check, *under the contract of certification,* have referred to the certification as passing the amount of the check from the deposit of the drawer 'to the credit of the holder of the check,' —or even loosely and incorrectly, 'to the credit of the payee'—, and held that it stands upon the same ground as any other deposit and is entitled to the same rights, the deposit, after certification, is really to *the credit of the check,* until it is presented for payment or deposit, and only after it has been so presented and deposited to the credit of the City does it become the deposit of the City within the contemplation and scope of the depository agreement under consideration.

The Act of May 8, 1907, P. L. 192, as amended by the Act of May 23, 1913, P. L. 354 (now repealed by Acts of May 15, 1933, P. L. 565 and 624) which provided that in the distribution of the funds of a trust company in course of liquidation "bona fide holders for value of certified checks, on such trust company . . . . . . shall also be treated and considered as depositors within the meaning of this Act," does not affect this case. It, as well as the cases cited and relied on by the appellant, refers to the rights of the holder of a certified check, *by reason of the contract of certification,* or in relation to the rights of other depositors, and provides that such holder shall be *treated and considered* as a depositor; not that he is a depositor in the sense that he can demand that his own check or draft be honored and charged against the fund, until he has presented the certified check for deposit to his account.

The assignment of error is overruled and the judgment is affirmed.