## Freeman Shoe Corporation v. Dorman et al.

(Decided Jan. 18, 1938.)

L. M. ACKMAN for appellant.

H. B. BEST for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

The question for determination in this case is simply whether or not the holder of a certified check is entitled to priority of payment in the distribution of the assets of an insolvent state bank. The material facts are stipulated. On November 2, 1931, the check here in question was drawn by Clark Houchins on the Pendleton

Bank of Falmouth, in the sum of $217.74, payable to the Freeman Shoe Corporation. The check was duly certified by the bank and was deposited in Beloit, Wis., properly indorsed, on November 5, 1931. The drawer of the check had ample funds on deposit at the time it was given. The exact words of the certification were:

"Certified for payment by Pendleton Bank, $217.74 when properly endorsed, per: Charles W. Thompson, Cashier."

The Pendleton Bank went into liquidation on November 3, 1931. The Freeman Shoe Corporation filed a claim with the liquidating agent of the Pendleton Bank, and it was allowed as a general claim against the assets of the bank. This suit was filed in an effort to secure priority over general creditors.

The rule is settled to the effect that the holder of a certified check is not entitled to priority of payment over ordinary creditors upon the insolvency of the bank, Lloyd v. Butler County State Bank, 122 Kan. 835, 253 P. 906, 51 A. L. R. 1030, and note. We have been able to find no authority to the contrary. There seem to be no Kentucky cases on the subject, but in the analogous situation of a cashier's check we have determined that no right to preference exists. Perry Bank & Trust Company v. Riggins, 233 Ky. 257, 25 S. W. (2d) 386.

It is insisted, nevertheless, that under the Bank Collection Code there is a right to priority of payment. Section 3720b-69a-12, subsection 2, of the Kentucky Statutes, provides, in part, that, where an item is presented for payment to a bank on which it is drawn and the drawer has sufficient deposit to pay the item, and the bank shall close after having charged the item to the account of the drawer or otherwise discharged his liability thereon, but without having itself settled either in money or by an unconditional credit, then the assets of such bank shall be impressed with a trust in favor of the owner of such item. It is argued that the act of certification by the bank amounted to an appropriation or setting aside of the funds necessary to satisfy the check, and the holder should therefore have the right to the money so set aside.

The mere certification of the check at the instance of the drawer did nothing more than make the bank an

insurer of its payment. First National Bank v. Bank of Ravenswood, W. Va., 141 Ky. 671, 133 S. W. 581. The bank was not made trustee of any funds. It simply became itself indebted to the holder of the check upon its delivery to him. This debtor-creditor relationship gives no right to priority over other creditors of the bank. There is no difference in principle between the obligation to the holder of a certified check and the obligation to the holder of a cashier's check.

Section 3720b-69a-12, subsection 2, relates to a situation where an item is presented for payment (not certification) prior to the time when the bank closes. It says so. It has no application to the situation before us.

Subsection 3 of section 3720b-69a-12 is likewise relied upon by appellant, but a reading of that section clearly shows that it relates to "an agent collecting bank other than the drawee or payor." It is therefore unnecessary further to consider it.

The appeal is granted and the judgment affirmed.